UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MARY LOU BREAZ,

    Plaintiff,                                                            CASE NO.: _____

v.

EVERGLADES CREMATORIUM, LLC,
LIBERTY MUTUAL INSURANCE COMPANY,
OHIO SECURITY INSURANCE COMPANY, and
THE OHIO CASUALTY INSURANCE COMPANY,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, LIBERTY MUTUAL INSURANCE COMPANY, OHIO SECURITY INSURANCE COMPANY, and THE OHIO CASUALTY INSURANCE COMPANY, (collectively "THE LIBERTY DEFENDANTS"), pursuant to 28 U.S.C. § 1441 *et seq*., remove this action from the Circuit Court of the Seventeenth Judicial Circuit of Florida, in and for Broward County.

**I.**    **The State Court Case**

    1.    On July 9, 2024, Plaintiff filed this lawsuit.

    2.    The complaint contains two counts for declaratory relief.  **Ex. A.**  The complaint alleges that THE LIBERTY DEFENDANTS have a duty to indemnify Plaintiff for a lawsuit Plaintiff has filed against EVERGLADES CREMATORIUM, LLC regarding an alleged mixup of cremated remains.

1

3.      On July 16, 2024, Plaintiff served the complaint on THE LIBERTY DEFENDANTS.

4.      This Notice of Removal is filed within 30 days of receipt of the complaint, pursuant to 28 U.S.C. §1446(b).

5.      The Local Rule for Southern District of Florida 7.1 and 28 U.S.C. § 1446(a) require THE LIBERTY DEFENDANTS to file copies of all process, pleadings, and orders served upon them.  Those documents are attached hereto as **Exhibit B**.

6.      This case is removed to the United States District Court for the Southern District of Florida, Fort Lauderdale Division because the State Court action was brought in Broward County, Florida.  28 U.S.C. §§ 1441(a); 1446(a).

## II.  Jurisdiction

7.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between citizens of different States.

8.      "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir. 2000).  The complaint also demands attorney's fees. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 288 F.3d 1255, 1265 (11th Cir. 2000).

9.      Here, Plaintiff sues for indemnity for damages regarding a mixup of cremated remains.  Plaintiff has demanded $276,000 to settle.  **Ex. C.**  THis document establishes the amount in controversy.  *Griffis v. Wal-Mart Stores, E., L.P.*, 3:18-CV-935-

2

J-32MCR, 2018 WL 4444470, at *2 (M.D. Fla. Sept. 18, 2018); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001).  Plaintiff's counsel also relayed demands to defense counsel in the amount of $250,000.

10. There is complete diversity.

11. Plaintiff is a citizen of **Florida.**

12. Pursuant to 28 U.S.C. § 1332(c)(1), LIBERTY MUTUAL INSURANCE COMPANY is a company organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts.  Thus, LIBERTY MUTUAL INSURANCE COMPANY is a citizen of **Massachusetts.**

13. Pursuant to 28 U.S.C. § 1332(c)(1), OHIO SECURITY INSURANCE COMPANY is a corporation organized under the laws of New Hampshire with its principal place of business in Boston, Massachusetts.  Thus, OHIO SECURITY INSURANCE COMPANY is a citizen of **New Hampshire** and **Massachusetts.**

14. Pursuant to 28 U.S.C. § 1332(c)(1), THE OHIO CASUALTY INSURANCE COMPANY is a corporation organized under the laws of New Hampshire with its principal place of business in Boston, Massachusetts.  Thus, THE OHIO CASUALTY INSURANCE COMPANY is a citizen of **New Hampshire** and **Massachusetts.**

15. EVERGLADES CREMATORIUM, LLC was a Florida Limited Liability Corporation with two members: David Krohn and Carolyn Krohn.  Both are and were citizens of Florida.  Thus, EVERGLADES CREMATORIUM, LLC is a citizen of **Florida.**

16. Although Plaintiff and EVERGLADES CREMATORIUM, LLC both are citizens of Florida, EVERGLADES CREMATORIUM, LLC's citizenship should be disregarded because EVERGLADES CREMATORIUM, LLC was fraudulently joined and

misjoined. "Fraudulent joinder is found in three situations: **(1)** when there is no possibility that a plaintiff can prove its claims against a non-diverse defendant; **(2)** when there is outright fraud in the pleading of jurisdictional facts; and **(3)** when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *M.W. v. Ford Motor Co.*, Case No. 8:14–cv–3132–T–24TBM, 2015 WL 1311029, at *3 (M.D. Fla. March 24, 2015). Here, Plaintiff does not even plead claims against EVERGLADES CREMATORIUM, LLC and does not seek relief against it. Moreover, to the extent Plaintiff has any claims against EVERGLADES CREMATORIUM, LLC, they are the tort claims currently pending in state court, which are unrelated to the declaratory judgment claims at issue in this lawsuit. Consequently, EVERGLADES CREMATORIUM, LLC was fraudulently joined and misjoined.

17. Moreover, EVERGLADES CREMATORIUM, LLC is a nominal party. *Thomas Machinery, Inc. v. Everest Nat'l Ins. Co.*, 2020 WL 2616193, at *4 (S.D. Fla. March 22, 2020) (defining "nominal or formal parties" as those that are "neither necessary nor indispensable" to the action) (citation and quotation omitted). "The ultimate test for whether a defendant is nominal is whether in the absence of the defendant, the [c]ourt can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id*. (citation and quotation omitted). This Court should disregard the citizenship of EVERGLADES CREMATORIUM, LLC as a nominal party.

18. Alternatively, EVERGLADES CREMATORIUM, LLC should be realigned as a plaintiff as Plaintiff sues as its assignee.

19. The "normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1314 (11th Cir. 2012). The Court has an affirmative duty to look beyond the pleadings and realign parties when their interests are the same. *See id.* at 1313 (holding it is the "duty of the lower federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute."). That is, a court must "determine the principle purpose of the suit and the primary and controlling matter in dispute and align the parties. . ." *Id*. at 314. In *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, the Eleventh Circuit held that if "the parties' interests are the same, we have held that those parties must be aligned together and have reversed a district court's failure to do so, even where the parties' interests were in opposition outside of the issues raised in the subject action." *Id*. at 1314. In this case, the complaint alleges facts showing Plaintiff and EVERGLADES CREMATORIUM, LLC's interests are aligned because Plaintiff sues as an assignee of EVERGLADES CREMATORIUM, LLC.

**IV.   Conclusion**

20. THE LIBERTY DEFENDANTS remove this case to the United States District Court for the Southern District of Florida

21. THE LIBERTY DEFENDANTS demand a trial by jury on all issues so triable.

22. Promptly after filing this notice of removal, THE LIBERTY DEFENDANTS will give written notice to all adverse parties and will file a copy of this notice with the clerk of the State court, pursuant to 28 U.S.C. §1446(d).

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ *Matthew J. Lavisky*
MATTHEW J. LAVISKY
Florida Bar No.: 48109
mlavisky@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Counsel for THE LIBERTY DEFENDANTS

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy hereof has been furnished to:

NEAL W. HIRSCHFELD
GREENSPOON MARDER, LLP
200 E. Broward Boulevard
Fort Lauderdale, Florida 33301

STEVEN M. SINGER
600 Corporate Drive, Suite 320
Fort Lauderdale, Florida 33334

via e-mail on July 19, 2024.

/s/ *Matthew J. Lavisky*
MATTHEW J. LAVISKY